# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MIA S. RHEE,
   Appellant,

  v.

DEPARTMENT OF THE TREASURY,
   Agency.

DOCKET NUMBER
SF-0432-21-0165-I-1

DATE: October 7, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mia S. Rhee</u>, Irvine, California, pro se.

<u>Beth S. Heleman</u>, Esquire, and <u>Thomas M. Ashton</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal for unacceptable performance under 5 U.S.C. § 4302. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant did not meet the contributing factor standard through means other than the knowledge/timing test, we AFFIRM the initial decision. We also VACATE the administrative judge's finding that the agency established by clear and convincing evidence that it would have taken the same actions even absent the appellant's protected disclosures and activities because the appellant failed to establish her prima facie case of whistleblower reprisal.

¶2 In front of the administrative judge, the appellant argued that the agency retaliated against her for filing successful Board appeals in 2008 and 2011[2] in violation of 5 U.S.C. § 2302(b)(9)(A)(i). Hearing Recording (HR) (testimony of the appellant); Initial Appeal File (IAF), Tab 45, Initial Decision (ID) at 83-84.

---

[2] In the appellant's 2008 Board appeal, the administrative judge reversed the appellant's removal under chapter 43, *Rhee v. Department of the Treasury*, MSPB Docket No. SF-0432-08-0301-I-1, Initial Decision (Oct. 17, 2008), and in her 2011 Board appeal, the administrative judge reversed a 30-day suspension, *Rhee v. Department of the Treasury*, MSPB Docket No. SF-0752-11-0122-I-1, Initial Decision (Apr. 13, 2011). The agency filed a petition for review in both matters, and the Board affirmed the initial decisions in both cases. *Rhee v. Department of the Treasury*, 117 M.S.P.R. 640 (2012), *overruled by Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), *overruled in part by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-25; *Rhee v. Department of the Treasury*, MSPB Docket No. SF-0432-08-0301-I-1, Final Order (Apr. 16, 2009).

The administrative judge correctly found that the appellant had engaged in protected activity under section 2302(b)(9)(A)(i) because her 2011 Board appeal included allegations of whistleblower reprisal but that she did not meet the contributing factor standard because she failed to satisfy the knowledge/timing test. ID at 84. Specifically, the administrative judge found that the appellant's first-line supervisor—the proposing official—had only heard "rumors" of her activity, there was no evidence that the deciding official knew of the appellant's protected activity, and there was no evidence that the appellant's second-line supervisor, who was the appellant's first-line supervisor at the time of the prior appeals and was named in those cases, "was involved in or influenced the events at issue here."[3] *Id.*

¶3      We agree that the appellant does not meet the knowledge/timing test but believe that there is a clearer basis for such a finding.[4] The last of the appellant's

---

[3] The appellant's second-line supervisor was not the deciding official in this matter. IAF, Tab 5 at 64-67. However, on review, the appellant argues that the administrative judge "minimized" her second-line supervisor's "role and influence" in the decision to place her on a Performance Improvement Plan (PIP) and to remove her. Petition for Review File, Tab 1 at 6. We acknowledge that there is evidence in the record which shows that the appellant's second-line supervisor was involved in the decisions leading to the PIP and proposed removal, seemingly in a ministerial or advisory capacity. IAF, Tab 20 at 22-29. Thus, to the extent that the administrative judge's statement implies that the second-line supervisor had no awareness or involvement in the decisions leading to the PIP and the removal, we find that to be overly broad. Nevertheless, there is no evidence in the record that establishes that the second-line supervisor issued the decision to remove the appellant, or that he influenced, pressured, conspired with, or directed any individual to place the appellant on a PIP or to remove her. Accordingly, we do not find that the administrative judge's statement constitutes a basis for reversing the administrative judge's findings. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[4] While we agree with the administrative judge that there is no evidence that the deciding official, who was outside of the appellant's chain of command, was aware of her Board appeals, ID at 84, we find that the proposing official had knowledge of the appellant's protected activity because she had heard rumors regarding the protected activity. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 24 (2016) (finding that an official's general knowledge of the appellant's allegations of wrongdoing was sufficient to establish the knowledge prong).

previous appeals was fully resolved over 8 years prior to the appellant's placement on a performance improvement plan (PIP) that ultimately led to her removal. IAF, Tab 6 at 141-49. Thus she clearly does not satisfy the timing prong. *See Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 21 (2013) (explaining that the Board has held that personnel actions taken within 1 to 2 years of the protected disclosure satisfy the timing prong); *Salinas v. Department of the Army*, 94 M.S.P.R. 54, ¶ 10 (2003) (finding that a personnel action occurring over 2 years after the protected disclosure was not within a timeframe such that a reasonable person could conclude that the disclosure was a contributing factor).

¶4        The Board has held that if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the official taking the action, or whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). Here, there is no other evidence in the record that supports a finding that the appellant met the contributing factor standard. The agency put forth strong evidence, in the administrative record and at the hearing, establishing that the appellant's performance was rated as unacceptable because she consistently submitted untimely and incomplete work that required substantial revisions. HR (testimony of the first-line supervisor, testimony of the deciding official); IAF, Tab 5 at 152-70, Tab 6 at 10-149. Furthermore, the appellant's previous Board appeals did not name or reference the proposing or deciding official in this matter, and there is no evidence in the record that these individuals had a motive to retaliate against her. Accordingly, we modify the initial decision to find that, even considering evidence other than the knowledge/timing test, the appellant failed to meet the contributing factor standard.

¶5        Finally, although the administrative judge correctly found that the appellant failed to make a prima facie case of whistleblower reprisal under either section 2302(b)(8) or section 2302(b)(9)(A)(i), she found that the agency established by clear and convincing evidence that it would have removed the appellant absent her whistleblowing.  ID at 80-83.  The Board may not proceed to the clear and convincing evidence test unless it has first determined that the appellant established a prima facie case of whistleblower reprisal.  *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015), *questioned on other grounds by Delgado v. Merit Systems Protection Board*, 880 F.3d 913 (7th Cir. 2018).  Accordingly, because the appellant did not establish a prima facie case of whistleblower reprisal, we vacate the administrative judge's finding that the agency would have met the clear and convincing test.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                       /s/ for
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.